FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

01 JAN 23 PM 3: 41

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ILLINOIS TOOL WORKS, INC.; MILLER ELECTRIC MFG. COMPANY, | } } } } | |
| Plaintiffs, | } } | |
| v. | } } | CASE NO. CV 00-B-2798-NE |
| MARIA SANDLIN; BLY SANDLIN, a minor child, | } } } | |
| Defendants. | } } | |

ENTERED
JAN 2 3 2001

## MEMORANDUM OPINION

### Statement of Facts

This matter is before the court on the Motion to Recuse filed by defendants on December 1, 2000, and the Response to Motion to Recuse filed by plaintiffs on December 7, 2000. Defendants' request for this court's recusal arises from a 1980 lawsuit filed by Joseph Blackburn, an attorney at law and husband of the undersigned judge. The lawsuit involved a contract dispute between Joseph Blackburn and certain clients he had represented in legal matters. Steven Tipler represented the individuals in the action. Prior to Steven Tipler's representation of the individuals, their previous counsel had filed a counterclaim for legal malpractice on their behalf against Joseph Blackburn and Cumberland School of Law, where Blackburn was employed as a member of the faculty. Cumberland School of Law was dismissed as a party prior to trial. The case was tried to a jury in the Circuit Court of Jefferson County, Alabama, and a verdict was returned in favor of Joseph Blackburn on his contract claim and on the counterclaim.

//

## Standard for Recusal

Although defendants' Motion to Recuse does not allege the statutory grounds upon which it is based, the court has treated the Motion as if it were filed under 28 U.S.C. § 455. Section 455(a) provides that "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) provides in pertinent part that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b).

The court will examine defendants' Motion to Recuse under each provision of Section 455. Eleventh Circuit precedent clearly holds that under Section 455(a) an actual demonstrated prejudice need not exist in order for a judge to recuse himself or herself. A trial judge should disqualify himself or herself "if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. State of Alabama*, 828 F.2d 1532, 1541 (11th Cir. 1987); *See also Potashnick v. Port City Construction Co.*, 609 F.2d 1101 (5th Cir.), *cert. denied*, 449 U.S. 820 (1980). Because Section 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential basis for disqualification should consider how the judge's participation looks to "the average person on the street." *Potashnick*, 609 F.2d at 1111.

While disqualification is mandatory in the situations outlined in Section 455(b), the court is of the opinion that this case does not fall under any provision of that section. The undersigned judge does not harbor "personal bias or prejudice" against Steven Tipler. Furthermore, the bias suggested in defendants' Motion is alone insufficient to warrant recusal. The court is, however, of the opinion that recusal is mandated by 28 U.S.C. § 455(a). Although the undersigned judge is in fact unbiased against Steven Tipler, a reasonable person, privy to all the facts surrounding

2

the 1980 lawsuit involving the undersigned's husband, could reasonably question her impartiality.[1]

This case presents a close question on the issue of recusal. Over 20 years have passed since the lawsuit in which Steven Tipler and the undersigned's husband were involved. Nevertheless, the benefit of the doubt must be resolved in favor of recusal. *United States v. State of Alabama*, 828 F.2d at 1540. Section 455(a) requires a judge to err on the side of caution and exercise discretion in favor of disqualification in a questionable case. *Potashnick*, 609 F.2d at 1112. This is such a case.

The undersigned judge hereby recuses herself from further participation in this action. An order granting defendants' Motion to Recuse will be entered contemporaneously herewith.

**DONE** this 23rd day of January, 2001.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
**United States District Judge**

---

[1] Because defendants' Motion to Recuse is being granted, the court will not set forth the facts in detail.

3